STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONONDAGA

COMMUNITY BANK, N.A.,

                Plaintiff,

       v.

JPMORGAN CHASE & CO.,

                Defendant.

**COMPLAINT**

Index No.

Plaintiff, Community Bank, N.A., by its attorneys Bond Schoeneck & King, PLLC alleges for its complaint:

1. Community Bank, N.A. ("Community Bank") is a national banking association with its principal place of business in Onondaga County.

2. Defendant JPMorgan Chase & Co. ("Chase Bank") is a Delaware business corporation authorized to do business in New York.

3. Venue is proper in Onondaga County based on Community Bank's residence.

4. This Court has personal jurisdiction over Chase Bank pursuant to CPLR 301 and 302.

5. On or about July 27, 2023, Chase Bank deposited a check bearing check number 2104 in the amount of One Hundred Eighty-Two Thousand Eight Hundred Ninety-Six Dollars and 84/100 ($182,896.84), payable to "Sherri Lee Keith" (the "Check").

6. The Check bears the drawee name of Oxford Bank and the drawer name "JML Wholesale, Inc., Full House Wholesale."

17211848.2

7. The Check, however, bears Community Bank's routing number and the account number of a Community Bank customer, PDM Enterprises ("PDM"), on the Magnetic Ink Character Recognition ('MICR") line.

8. With the exception of the routing number and account number, none of the written elements of the Check indicate any connection to Community Bank or to PDM.

9. The Check was materially altered.

10. Upon information and belief, the endorsement on the back of the Check is not the signature of Sherri Lee Keith and is therefore forged.

11. Upon information and belief, Chase Bank failed to identify or ignored the aforementioned inconsistencies with the Check and that the Check was materially altered and/or bears a forged endorsement.

12. On or about July 27, 2023, Chase Bank deposited the Check.

13. Also on or about July 27, 2023, Chase Bank presented the Check to Community Bank for payment. In good faith and in reliance on the warranties made by Chase Bank, Community Bank issued payment on the Check by debiting PDM's Community Bank account in the amount of $182,896.84.

14. On or about August 3, 2023, PDM notified Community Bank that the Check had mistakenly posted to its Community Bank account.

15. Recognizing that the Check was not presented to the drawee of the Check, and at the direction of the Federal Reserve Bank (the "FRB"), Community Bank returned the Check to Chase Bank with the indication that it was "Not Our Item" or "NOI".

16. The FRB accepted the return, credited Community Bank's FRB account, and returned the funds to PDM's account.

17. On or about August 7, 2023, Chase Bank notified Community Bank that it contested the return of the Check. In response, the FRB debited the funds from Community Bank's FRB account.

18. Community Bank repeatedly and timely demanded that Chase Bank remit to it $182,896.84, but Chase Bank has repeatedly refused to do so.

19. Upon information and belief, Chase Bank failed to implement or adhere to commercially reasonable account opening practices or Bank Secrecy Act/Anti-Money Laundering ("BSA/AML") practices, which permitted the Chase Bank customer who deposited the Check to perpetrate the acts detailed herein.

## FIRST CAUSE OF ACTION

20. Community Bank repeats and realleges paragraphs 1-19.

21. The acts and omissions of Chase Bank described above constitute material breaches of the warranties made by Chase Bank, including but not necessarily limited to, those warranties made by Chase Bank pursuant to N.Y. Uniform Commercial Code ("UCC") §§ 3-416, 3-417, 4-207, and 4-208.

22. As a result of Chase Bank's breaches of its warranties, Community Bank has been, and continues to be, injured in an amount to be determined at trial, but not less than $182,896.84.

## SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges paragraphs 1-22.

24. The acts and omissions of Chase Bank described above constitute material breaches of Federal Reserve Regulations, including but not necessarily limited to, Title 12 of the Code of Federal Regulations, Part 229, in violation of N.Y. UCC § 4-103.

25. As a result of Chase Bank's breaches, Community Bank has been, and continues to be, injured in an amount to be determined at trial, but not less than $182,896.84.

### THIRD CAUSE OF ACTION

26. Plaintiff repeats paragraphs 1-25.

27. Chase Bank owed duties of care and fair dealing to Community Bank.

28. The acts and omissions of Chase Bank described above, including, but not limited to, contesting Community Bank's return of the Check, and failing to implement or adhere to commercially reasonable account opening practices or BSA/AML practices, constitute material breaches of the duties Chase Bank owed to Community Bank.

29. As a result of Chase Bank's negligence, Community Bank has been, and continues to be, injured in an amount to be determined at trial, but not less than $182,896.84.

WHEREFORE, Community Bank demands judgment:

(1) Awarding monetary damages against Chase Bank and in favor of Community Bank in an amount to be determined at trial;

(2) Awarding Community Bank interest and attorneys' fees;

(3) Awarding Community Bank costs, disbursements, and such other and further relief as is just and proper.

Dated: February 14, 2024

BOND, SCHOENECK & KING, PLLC

By: _____
Brendan M. Sheehan, Esq.
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: 315-218-8000
E-mail: bsheehan@bsk.com
*Attorneys for Plaintiff*

17211848.2