UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COMMUNITY BANK, N.A.,

                                Plaintiff,

                                                                         5:24-cv-00363 (BKS/DJS)

v.

JPMORGAN CHASE & CO.,

                                Defendant.
_____

**APPEARANCES:**

*For Plaintiff:*
Brendan M. Sheehan
Bond Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

*For Defendant:*
Leah N. Jacob
Sylvia E. Simson
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017

Ryan Sirianni
Greenberg Traurig, LLP
900 Stewart Avenue, Fifth Floor
Garden City, NY 11530

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

        Plaintiff Community Bank, N.A. brought this action under 12 C.F.R. § 229 and state law

against JPMorgan Chase & Co. in Onondaga County Court, and it was removed to this Court by

Defendant Chase based upon, *inter alia*, diversity jurisdiction. (Dkt. Nos. 1–2).[1] Community Bank alleges that Chase deposited a "materially altered" check and that, "[i]n good faith and in reliance on the warranties made by Chase Bank, Community Bank issued payment on the Check[.]" (Dkt. No. 2, ¶¶ 9, 13). Community Bank asserts three claims: (1) material breach of warranty pursuant to New York Uniform Commercial Code ("N.Y. UCC") §§ 3-416, 3-417, 4-207, and 4-208; (2) material breach of 12 C.F.R. § 229 in violation of N.Y. UCC § 4-103, and (3) negligence. (*Id.* ¶¶ 20–29). Presently before the Court is Defendant's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 14). The motion is fully briefed. (Dkt. Nos. 14-1, 22–23). For the reasons discussed below, Defendant's motion is granted in part and denied in part.

## II.     FACTS[2]

On or about July 27, 2023, Chase deposited a check in the amount of $182,896.84, payable to "Sherri Lee Keith" ("the Check"). (Dkt. No. 2, ¶ 5; Dkt. No. 8, ¶ 13). The Check, which is attached as an exhibit to the Answer, bore the drawee name of Oxford Bank and the drawer name, "JML Wholesale, Inc., Full House Wholesale." (Dkt. No. 2, ¶ 6; Dkt. No. 8-1). However, the Check bore Community Bank's routing number and the account number of a Community Bank customer, PDM Enterprises. (Dkt. No. 2, ¶ 7). "With the exception of the routing number and account number," the Check does not appear to have any connection to Community Bank or to PDM. (*Id.* ¶ 8). Community Bank alleges that Chase failed to identify or ignored that "the check was materially altered" and/or bore "a forged endorsement." (*Id.* ¶ 11).

---

[1] Defendant notes that Defendant's correct name is JP Morgan Chase Bank, N.A. (Dkt. No. 1 at 1). The Clerk is respectfully requested to correct the docket.

[2] The facts are taken from the Complaint as well as the Answer and its exhibits. *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam) ("Because this matter comes to us on appeal from a judgment on the pleadings, we rely on the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.").

Chase disputes this. (Dkt. No. 8, ¶ 11). Chase denies that the Check was "materially altered" and "admits only that the Check is counterfeit." (*Id.*).[3]

On the same day the Check was deposited, Chase presented the Check to Community Bank for payment. (Dkt. No. 2, ¶ 13). Community Bank alleges that it "issued payment on the Check by debiting PDM's Community Bank account in the amount of $182,896.84," and that on or about August 3, 2023, PDM notified Community Bank that the Check had mistakenly posted to its Community Bank account. (*Id.* ¶¶ 13–14). Community Bank alleges that it returned the Check to Chase with the indication that the Check was "Not Our Item," and that the Federal Reserve Bank ("FRB") accepted the return, credited Community Bank's FRB account, and returned the funds to PDM's account. (*Id.* ¶¶ 15–16). Community Bank further alleges that on or about August 7, 2023, Chase notified Community Bank that it contested the return of the Check and consequently, the FRB debited the funds from Community Bank's FRB account. (*Id.* ¶ 17). On August 8 and August 31, 2023, Community Bank sought reimbursement from Chase for $182,896.84. (*Id.* ¶ 18; Dkt. No. 8, ¶ 18; Dkt. Nos. 8-3, 8-4). On October 30, 2023, Chase responded to these requests, informing Community Bank that the Check appears to be "counterfeit" and under UCC § 4-208, "the drawee bank owns the risk of loss for counterfeit items." (Dkt. No. 8-2).

On February 14, 2024, Plaintiff commenced the present action in state court. (Dkt. No. 2, ¶ 1). Defendant removed the action to this Court on March 15, 2024. (Dkt. No. 1).

---

[3] The parties have used the terms "counterfeit" and "forged" interchangeably. (*See* Dkt. No. 14-1, at 2; Dkt. No. 22, at 11 n.1).

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "In deciding a Rule 12(c) motion" for judgment on the pleadings, courts "employ[ ] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). When evaluating the pleadings, courts can consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam).

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## IV.  DISCUSSION

Community Bank brings three causes of action: (1) material breach of warranty pursuant to N.Y. UCC §§ 3-416, 3-417, 4-207, and 4-208; (2) material breach of 12 C.F.R. § 229 in violation of N.Y. UCC § 4-103, and (3) negligence. (Dkt. No. 2, ¶¶ 20-29). Chase moves for judgment on the pleadings with respect to each claim. (Dkt. No. 14).

### a. Breach of Warranty under the N.Y. UCC

Both parties agree that "[t]he New York Uniform Commercial Code . . . prescribes extra-contractual duties to banks in New York" and that it "defines the roles of, and duties imposed on, each bank throughout the deposit and collection process" in this case. *L. Offs. of Oliver Zhou v. Citibank N.A.*, No. 15-cv-5266, 2016 WL 2889060, at *3–4, 2016 U.S. Dist. LEXIS 65110, at *10–11 (S.D.N.Y. May 17, 2016); (Dkt. No. 14-1, at 12; Dkt. No. 22, at 11); *see also Fischer & Mandell LLP v. Citibank, N.A.*, 632 F.3d 793, 798 (2d Cir. 2011) ("Article 4 [of the N.Y. UCC] governs bank deposits and collections."); *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 575 (2011) ("The manner in which checks are processed by banks is governed by the Uniform Commercial Code."). Chase argues that under the N.Y. UCC, (1) Community Bank is strictly liable for payment of the Check under the midnight deadline rule, (2) the action is barred by the final payment rule, and (3) Chase did not violate any of the presentment warranties. (Dkt. No. 14-1, at 13–19). Community Bank argues that the midnight deadline rule and the final payment rule are "red herring[s]" because both rules contain an exception for violations of the presentment warranties. (Dkt. No. 22, at 9–10); N.Y. UCC § 4-302(b); N.Y. UCC § 3-418. Accordingly, the Court first considers whether Community Bank plausibly alleged that Chase violated a presentment warranty.

### i.  Presentment Warranty

Under N.Y. UCC § 4-105, a depository bank is "the first bank to take an item," a collecting bank is "a bank handling an item for collection except the payor bank," and a payor bank is "a bank that is the drawee of a draft." Here, both parties agree that Chase was the depositary and collecting bank and Community Bank was the payor bank. (Dkt. No. 14-1, at 12, 22; Dkt. No. 22, at 6, 11). Under N.Y. UCC § 4-207(c), "[e]ach customer or collecting bank who obtains payment or acceptance of an item . . . warrants to the payor bank," *inter alia*, that "the item has not been materially altered."

Here, Community Bank alleges that Chase breached this warranty because the Check at issue was "materially altered." (Dkt. No. 2, ¶ 9). Pursuant to N.Y. UCC § 3-407, an alteration is material if it "changes the contract of any party thereto in any respect," including" *inter alia*, such "change in . . . the writing as signed, by adding to it or by removing any part of it." Under the UCC, where a check is materially altered, liability "typically rests with the party who took it from the wrongdoer." *Thompson v. First BankAmericano*, 518 F.3d 128, 131 n.2 (2d Cir. 2008). However, where a check contains a forged signature, liability generally rests with the payor bank. *Id.* "This allocation reflects the ability of parties to detect the forgery and prevent the loss. A forged drawer signature can most readily be detected by the drawee/payor bank, which is presumed to be familiar with the signature of its customer." *Id.* (citation omitted). Here, Chase argues that it did not violate any presentment warranties because the Check was forged, not materially altered. (Dkt. No. 14-1, at 18–19).

The parties have cited to a regulation promulgated by the Board of Governors of the Federal Reserve System ("Board of Governors"), concerning alterations and forgeries – 12 C.F.R. § 229.38(i) (2024). In its explanation for the regulation the Board of Governors noted that "an alteration is a change to the terms of a check that is made after the check is issued that

6

modifies an obligation of a party by, for example, changing the payee's name or the amount of the check." Availability of Funds and Collection of Checks, 83 Fed. Reg. 46,849, 46,849 (Bd. of Governors of the Fed. Rsrv. Sys. Sept. 17, 2018) (codified at 12 C.F.R. pt. 229). A forgery, however, "is a check on which the signature of the drawer . . . was made without authorization at the time of the check's issuance." *Id.* Especially as the check collection system has become electronic, it has become more difficult to ascertain whether a check is altered or forged, and courts have reached different conclusions on the matter. *Id.* To resolve this tension, the Board of Governors amended 12 C.F.R. § 229.38 to include a rebuttable presumption of alteration. The presumption "applies with respect to any dispute between banks arising under Federal or State law as to whether a substitute check or electronic check transferred between those banks contains an alteration or is derived from an original check that was issued with an unauthorized signature of the drawer." § 229.38(i)(1). "When such a dispute arises, there is a rebuttable presumption that the substitute check or electronic check contains an alteration." *Id.*

This presumption "may be overcome by proving by a preponderance of evidence that either the substitute check or electronic check does not contain an alteration, or that the substitute check or electronic check is derived from an original check that was issued with an unauthorized signature of the drawer." § 229.38(i)(2). Furthermore, the presumption does not apply if the "original check is made available for examination by all banks involved in the dispute." § 229.38(i)(3). Here, the pleadings and exhibits do not allege that the original check was made available for examination, (*see* Dkt. Nos. 2, 8), and the parties dispute whether the presumption has been overcome.

Community Bank describes how the Magnetic Ink Character Recognition ("MICR") line on the Check bears the routing number of Community Bank, and the account number of a

7

Community Bank customer, PDM Enterprises, which is inconsistent with the printed names of the drawee – "Oxford Bank" and the drawer – "JML Wholesale, Inc., Full House Wholesale." (Dkt. No. 2, ¶¶ 6–7). Community Bank does further allege that "[u]pon information and belief, the endorsement on the back of the Check is not the signature of [payee] Sherri Lee Keith and is therefore forged." (Dkt. No. 2, ¶ 10).[4] Beyond that Community Bank alleges merely, in a conclusory fashion, that the "Check was materially altered." (*Id.* ¶ 9).

Chase argues that the presumption "has more than been rebutted here" because the Check "bears all of the hallmarks of a forged/counterfeit check," citing to the discrepancy of the MICR numbers. (Dkt. No. 23, at 9). Chase argues that because the drawee name and drawer name do not correspond to the routing and account number, "every element of the Check was clearly copied onto a whole-new item to create a counterfeit check." (Dkt. No. 14-1, at 18–19). But Chase does not explain why this is necessarily so, and why the change to the MICR line on this Check could not be an alteration. *See*, *e.g.,* 83 Fed. Reg. 46849 (noting that the term "alteration" has the meaning set forth in the UCC and includes alterations beyond changes to the dollar amount and the payee).

Because there is a "dearth of case law in this particular area," (Dkt. No. 23, at 12), the parties cite to a handful of out-of-circuit decisions, none of which apply the rebuttable presumption, in support of their arguments. (Dkt. No. 14-1, at 17–18; Dkt. No. 22, at 16). Notably, however, each case cited by the parties is a decision on a motion for summary judgment

---

[4] In its response brief, Community Bank argues that its "independent research strongly indicates the signature on the Check is the original authorized signature of JML" and that "the intended payee on the Check was a company, not Sherri Lee Keith." (Dkt. No. 22, at 14–15). According to Community Bank, this indicates that there was a valid instrument, and the routing number, account number, and payee were altered. (*Id.*). However, because a plaintiff cannot rely on factual allegations not mentioned in the complaint and only in the opposition brief, the Court does not consider these assertions. *See Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 327 n.1 (S.D.N.Y. 2021); (Dkt. No. 23, at *8–9).

8

with many courts considering the testimony of forensic experts. *See Firstar Bank, N.A. v. Wells Fargo Bank, N.A.*, No. 02-cv-186, 2004 WL 1323942, at *8, 2004 U.S. Dist. LEXIS 10767, at *24 (N.D. Ill. June 14, 2004); *Bank of Am., N.A. v. Amarillo Nat'l Bank*, 156 S.W.3d 108, 110–11 (Tex. App. 2004); *Chevy Chase Bank, F.S.B. v. Wachovia Bank, N.A.*, 208 F. App'x 232, 235 (4th Cir. 2006); *Bank of Am., N.A. v. Mazon State Bank*, No. 05-cv-7165, 2007 WL 2714117, at *2–4, 2007 U.S. Dist. LEXIS 68515, at *6–11 (N.D. Ill. Sept. 17, 2007); *Provident Sav. Bank, F.S.B. v. Focus Bank*, 548 F. Supp. 3d 862, 867–69 (E.D. Mo. 2021). Here, there are no allegations in the pleadings concerning the authenticity of the signature of the drawer. Accordingly, the Court finds that judgment on the pleadings would be premature because there are unresolved material facts concerning this Check. The Court cannot find, as a matter of law, that the presumption has been rebutted. Thus, Chase's motion for judgment on the pleadings is denied with respect to the first claim.[5]

### b. Breach of 12 C.F.R. § 229 ("Regulation CC")[6]

Community Bank alleges "material breaches of Federal Reserve Regulations, including but not necessarily limited to, Title 12 of the Code of Federal Regulations, Part 229, in violation of N.Y. UCC § 4-103" as its second cause of action. (Dkt. No. 2, ¶ 24). Community Bank describes Chase's wrongful conduct as follows: (1) "Chase Bank failed to identify or ignored the . . . inconsistencies with the Check and that the Check was materially altered and/or bears a forged endorsement," (*id.* ¶ 11); (2) Chase Bank made warranties in presenting the Check to

---

[5] Because it is premature for the Court to decide whether Chase violated the presentment warranty, the Court does not consider Chase's arguments pertaining to the midnight deadline and final payment rules.

[6] "Part 229 of title 12 of the [C]ode of [F]ederal [R]egulations is better known as Regulation CC. It was issued by the Board of Governors of the Federal Reserve System . . . in order to implement the Expedited Funds Availability Act." *Fid. & Deposit Ins. Co. of Md. v. Kim*, No. 09-cv-1948, 2009 WL 3347077, at *2, 2009 U.S. Dist. LEXIS 100875, at *6 (E.D.N.Y. Aug. 12, 2009). The parties have used "12 C.F.R. § 229" and "Regulation CC" interchangeably, and so does the Court. (*See* Dkt. No. 14-1, at 20–21; Dkt. No. 22, at 12).

Community Bank for payment, (*id.* ¶ 13); and (3) "Chase Bank failed to implement or adhere to commercially reasonable . . . practices." (*Id.* ¶ 19). Chase argues that the claim is impermissibly conclusory and that the Expedited Funds Availability Act, 12 U.S.C. §§ 4001–4010 ("EFAA"), which is implemented by Regulation CC, does not create liability. (Dkt. No. 14-1, at 20–21).[7]

"Generally, a passing reference to a federal statute is insufficient to state a plausible claim." *Henry v. Flagstar Bank, FSB*, No. 16-cv-1504, 2017 WL 11886155, at *3, 2017 U.S. Dist. LEXIS 239410, at *7 (E.D.N.Y. Aug. 28, 2017). Such reference is insufficient if it "leav[es] both the Court and [Defendant] to speculate as to the bases for the majority of plaintiffs' claims" and the allegations "fail to provide any details regarding how [Defendant] allegedly violated these statutes." *Id.* (emphasis omitted). Likewise, a complaint is insufficient if it "neither cite[s] a specific provision of the statute, nor refer[s] to particular [facts] that allegedly violated the statute," especially if the court has already instructed the plaintiff to include such details. *Holmes v. Grubman*, 568 F.3d 329, 335–36 (2d Cir. 2009). However, "a complaint need not specify the legal theory underlying its claims," and need only set forth "those facts necessary to a finding of liability." *Oneida Indian Nation v. County of Oneida*, 617 F.3d 114, 133 (2d. Cir. 2010). Therefore, dismissal is not proper "for failure in a complaint to cite a statute" because "[f]actual allegations alone are what matters." *Hayes v. Dep't of Educ. of N.Y.*, 20 F. Supp. 3d 438, 441 (S.D.N.Y. 2014) (citations and internal quotation marks omitted).

Chase contends that "Plaintiff's vague and passing reference to Regulation CC, without more, is insufficient to state a claim against Chase," especially because Community Bank "fail[ed] to identify a single provision of Regulation CC that Chase purportedly violated." (Dkt.

---

[7] Chase also argues that it cannot be liable under the regulation because of the midnight deadline rule. (Dkt. No. 14-1, at 21). However, because the Court cannot yet determine whether Chase violated a presentment warranty, the Court cannot determine whether the midnight deadline rule applies.

10

No. 14-1, at 20). Community Bank argues that it need not identify each and every subsection of 12 C.F.R. § 229, because the Complaint "contains extensive factual allegations regarding the manner in which Chase handled the Check and its customer's account, and identifies (to the extent known to Community Bank prior to discovery) the acts and omissions giving rise to Chase's liability under 12 CFR Part 229." (Dkt. No. 22, at 18–19).[8] Community Bank's response brief further elaborates on the cause of action. (*See id.* at 18–20). Although, "[a] plaintiff may not amend the complaint via a memorandum of law," *Weir v. Cenlar FSB*, No. 16-cv-8650, 2018 WL 3443173, at *6, 2018 U.S. Dist. LEXIS 118844, at *17 (S.D.N.Y. July 17, 2018), Community Bank's response brief primarily uses the factual allegations in the Complaint to distill its cause of action into violations of 12 C.F.R. § 229.38 and 12 C.F.R. § 229.13(b). (Dkt. No. 22, at 19–20). Therefore, the Court considers whether the Complaint plausibly states a claim for breach of § 229.38 and § 229.13(b).

Under § 229.38(a), "[a] bank shall exercise ordinary care and act in good faith in complying with the requirements of this subpart." Community Bank argues that Chase "has indisputably failed to adhere to [this standard] in this matter." (Dkt. No. 22, at 19). However, pursuant to § 229.38(d)(1), the only responsibility for damages assigned to a depositary bank like Chase under § 229.38(a) is when "the condition of the back of a check arising after the issuance of the check and prior to acceptance of the check . . . adversely affects the ability of a bank to indorse the check legibly[.]" Here, there are no factual allegations that the condition of the Check

---

[8] Community Bank also argues that the claim is not vague because Chase "relied, in part, on Community Bank's Second Cause of Action to remove this action to Federal Court on the basis of federal question jurisdiction." (Dkt. No. 22, at 17). However, removal is proper if the complaint presents a federal question that could have originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A complaint presents a federal question if a claim is based on federal law, even if the allegations are conclusory and the claim is dismissed. *Brook v. Ruotolo*, Nos. 23-1339 and 23-7446, 2024 WL 3912831, at *2, 2024 U.S. App. LEXIS 21356, at *3–4 (2d Cir. Aug. 23, 2024). Indeed, there is an important distinction "between failing to raise a substantial federal question for jurisdictional purposes and failing to state a claim for relief on the merits." *Shapiro v. McManus*, 577 U.S. 39, 45 (2015). Therefore, the Court finds this argument without merit.

adversely affected Community Bank's ability to indorse. (*See generally* Dkt. No. 2). Accordingly, the Court cannot find that Community Bank plausibly stated a claim for breach of § 229.38.

Under § 229.13(b), (h), banks can delay the availability of funds deposited in an account "by a reasonable period of time" when "the aggregate amount is in excess of $5,525 on any one banking day." Here, the Check was for $182,896.84. (Dkt. No. 2, ¶ 5). Community Bank argues that Chase "could have delayed the availability of this large deposit for seven business days after the day of deposit" pursuant to § 229.13 and its own Funds Availability Policy and that if it had done so, "the money would have still been unavailable to the customer when Community Bank filed a claim with Chase for return of the funds on . . . the sixth business day after the day of deposit[.]" (Dkt. No. 22, at 20).[9] However, the Complaint does not identify when the funds were made available to the customer. (*See generally* Dkt. No. 2). Furthermore, even assuming *arguendo* that Chase did not delay availability, just because Chase *could* delay the availability of funds does not mean it was *obligated* to do so under the regulation or its policy. *See Fischer & Mandell LLP v. Citibank, N.A.*, No. 09-cv-1160, 2009 WL 1767621, at *5, 2009 U.S. Dist. LEXIS 54184, at *15 (S.D.N.Y. June 22, 2009) ("The extension of time by the depositary bank [under § 229.13] is explicitly couched in permissive, not mandatory, language. Thus, nothing in the EFAA *requires* that a depositary bank make deposited funds in excess of $5,000 available at any date certain."). Community Bank argues that Chase failed "to exercise ordinary care or act in good faith" pursuant to § 229.38 by making the funds available too soon. (Dkt. No. 22, at 20). Not only are there insufficient factual allegations to support such a claim, but § 229.38 imposes

---

[9] Community Bank argues that Chase's Funds Availability Policy allows it to delay availability up to the seventh business day after the day of deposit when the aggregate amount exceeds $5,525. (Dkt. No. 22, at 19–20). However, the Complaint is devoid of any mention of Chase's Funds Availability Policy. (*See generally* Dkt. No. 2).

12

the ordinary care and good faith duty with respect to Subpart C of the regulation, and there is no such duty imposed in § 229.13, which is under Subpart B of the regulation. Therefore, the Court finds that Community Bank has not plausibly stated a claim under § 229.13.

Because Community Bank has not plausibly stated a claim under § 229.38 or § 229.13 and the Complaint does not set forth sufficient detail to serve as the basis for any other claim under § 229, the Court grants Chase's motion for judgment on the pleadings with respect to the second cause of action.

### c. Negligence

Community Bank's third cause of action is that Chase materially breached "duties of care and fair dealing to Community Bank" by contesting Community Bank's return of the Check and failing to implement or adhere to commercially reasonable account opening practices or Bank Secrecy Act/Anti-Money Laundering practices." (Dkt. No. 2, ¶¶ 27–28). Community Bank alleges that it was injured "[a]s a result of Chase Bank's negligence." (Id. ¶ 29). Chase argues that (1) the claim is precluded by Article 4 of the N.Y. UCC and (2) even if it were not precluded, Chase did not owe Community Bank a duty. (Dkt. No. 14-1, at 22–26).

As a preliminary matter, there is no private cause of action with respect to the anti-money laundering obligations of banks under the Bank Secrecy Act. *Frankel-Ross v. Congregation Ohr Hatalmud*, No. 15-cv-6566, 2016 WL 4939074, at *4, 2016 U.S. Dist. LEXIS 128342, at *13 (S.D.N.Y. Sept. 12, 2016).[10]

---

[10] Chase raises this argument in its memorandum of law, (Dkt. No. 14-1, at 25–26), and Community Bank does not respond, (*see generally* Dkt. No. 22). Accordingly, the Court finds that to the extent Community Bank had any claim for a breach of a purported Bank Secrecy Act duty, Community Bank has waived it. *See Goldblatt v. New York Inst. of Tech.*, No. 18-cv-265, 2020 WL 5027150, at *8, 2020 U.S. Dist. LEXIS 154382, at *21 (E.D.N.Y. Aug. 25, 2020) (finding that the plaintiff waived opposition to an argument by failing to address it in response brief).

Article 4, which governs bank deposits and collections, "precludes common law claims that would impose liability inconsistent with the rights and liabilities expressly created by Article 4." *Fischer & Mandell LLP*, 632 F.3d at 798. In the context of Article 4-A of the N.Y. UCC, courts have explicitly held that there can be "no claim for negligence unless conduct complained of was not in conformity with Article 4-A." *See Grain Traders v. Citibank, N.A.*, 160 F.3d 97, 103 (2d Cir. 1998) (citing *Aleo Int'l, Ltd. v. Citibank, N.A.*, 612 N.Y.S.2d 540, 541 (Sup. Ct., N.Y. County 1994)). This is because "permit[ting] resort to such common-law claims in instances where the [UCC] unmistakably precludes recovery would be to contradict and effectively nullify [the UCC,] . . . [which] intended the common law to supplement, not contradict, the other provisions of the UCC." *Prudential-Bache Secur., Inc. v. Citibank, N.A.*, 73 N.Y.2d 263, 272–73 (1989).

Chase contends that Community Bank's negligence claim would be inconsistent with the UCC, because a collecting bank's responsibility is limited to "ordinary care," in, *inter alia*, "presenting an item or sending it for presentment." N.Y. UCC § 4-202(1); (Dkt. No. 14-1, at 22). Chase cites to several cases for the proposition that banks do not owe (1) fiduciary duties to non-customers, (2) duties to non-customers to protect from tortious conduct of customers, and (3) duties to customers of other banks. (Dkt. No. 14-1, at 24–25 (citing cases)). According to Chase, this body of "well-established New York law" means that Chase did not owe a duty of ordinary care to Community Bank beyond the duty in N.Y. UCC § 4-202(1). (*Id.* at 24). Plaintiff has not cited any authority to the contrary.

In its response to Chase's motion Community Bank cites to N.Y. UCC § 4-202, arguing that Chase recognizes it was required to use ordinary care and good faith in its handling and presentment of the Check for payment. (Dkt. No. 22, at 21). N.Y. UCC § 4-202(1)(a), provides

14

that "[a] collecting bank must use ordinary care in presenting an item or sending it for presentment." The complaint, however, nowhere mentions N.Y. UCC § 4-202, (Dkt. No. 2, at 4), and it is not clear from Community Bank's limited response to Chase's motion whether Community Bank seeks to base its third cause of action on N.Y. UCC § 4-202. Community Bank argues, with no caselaw support, that its third cause of action is sufficient "whether construed as a claim for common law negligence, or breach of the NY UCC or 12 CFR Part 229." (Dkt. No. 22, at 21). With respect to a collecting bank's duty in connection with presentment, Chase argues that there is no authority that the UCC imposes any duty to "identify false routing numbers, use fraudulent-check detection devices, [or] investigate the source of counterfeit checks." (Dkt. No. 14-1, at 23 (quoting *L. Offs. Of Oliver Zhou*, 2016 WL 2889060 at *4, 2016 U.S. Dist. LEXIS 65110, at *13). Community Bank does not respond to this argument. (*See generally* Dkt. No. 22). On this record the Court cannot find that Community Bank's third cause of action for negligence plausibly states a claim, and Chase's motion for judgment on the pleadings is therefore granted with respect to Community Bank's negligence claim.

**V.      LEAVE TO AMEND**

To the extent the Court was inclined to grant any portion of Chase's motion, Community Bank requested leave to amend. (Dkt. No. 22, at 22). Chase did not respond to Community Bank's request. (*See generally* Dkt. No. 23). Under Federal Rule of Civil Procedure 15(a), absent certain circumstances not at play here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). Rule 15(a)(2) requires that a court "freely give leave when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d

Cir. 2023). A request to amend is futile where the problem with the claim is "substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Community Bank has not identified any additional facts it would plead if granted leave to amend. The problem with the second cause of action appears to be substantive: there do not appear to be any facts that would state a claim for breach of 12 C.F.R. § 229.38 and 12 C.F.R. § 229.13(b) for the reasons stated. Similarly, in Community Bank's sparse response to the motion for judgment on the pleadings, Community Bank failed to provide any authority to support a negligence or material breach of duty claim. Therefore, the Court finds that granting leave to amend at this stage would only delay this action and denies Community Bank's request for leave to amend.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED** as to the first cause of action for violations of the N.Y. UCC; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED** as to the second and third causes of action for violations of 12 C.F.R. § 229 and negligence; and it is further

**ORDERED** that the second and third causes of action are **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

Dated: December 23, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

16